MICHAEL S. SORGEN (SBN 43107)
JOSHUA N. SONDHEIMER (SBN 152000)
LAW OFFICES OF MICHAEL S. SORGEN
240 Stockton Street, 9th Floor
San Francisco, California 94108
(415) 956-1360

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER SAMSON DAVID, by and through her attorneys-in-fact ROBERT NOVAK and CONSTANT NOVAK, individually and in her representative capacity as successor in interest to Glenn P. David,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF FREMONT, a municipal corporation; CRAIG STECKLER, individually and in his capacity as Chief of Police for the City of Fremont; OFFICER MICHAEL CHINN, individually; DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.   This is an action for damages for the wrongful killing of Glenn Pangilinan David ("Glenn David" or "David") by Fremont police officer Michael Chinn. David was 40 years old when he was needlessly shot and killed on February 18, 2004, by Officer Chinn just 49 seconds after Chinn confronted David at David's workplace. Chinn and other officers had been called there because David had declared that he was suicidal and had stabbed and cut himself. The City

Complaint

of Fremont, Police Chief Craig Steckler, and other police officials were a substantial cause of David's death for failing to adequately screen, hire, train, supervise, control, and discipline officers with respect to handling situations involving disturbed or distraught individuals and with respect to the reasonable and appropriate use of force.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law and statutes of the State of California. Plaintiff is informed and believes that all defendants are domiciled in the State of California. Based upon 28 U.S.C. §§ 1331, 1332(a)(2), 1343, and 1367, this Court has subject matter jurisdiction.

## VENUE

3. Defendants all are residents of Alameda County, and all the events and omissions giving rise to this action occurred in this judicial district. Based on 28 U.S.C. §§ 1391(b)(1) and (b)(2), venue is proper in this district.

## PARTIES

4. Plaintiff Jennifer Samson David ("Jennifer David") is the widow of decedent Glenn David. Jennifer David brings this action in her individual capacity and in her representative capacity as a successor in interest to decedent Glenn David pursuant to California Code of Civil Procedure § 377.30.

5. Robert E. Novak is decedent Glenn David's brother-in-law and is the duly appointed attorney in fact for plaintiff Jennifer David. Robert Novak is a resident of Santa Clara, California. Filed herewith is a Declaration of Robert Novak, identifying the basis of Jennifer David's authority to bring this action as a successor in interest to her husband, and Robert Novak's authority to file this action as attorney-in-fact for Jennifer David.

6. Constant David Novak is decedent Glenn David's sister, and the duly appointed successor attorney-in-fact for Jennifer David in the event that Robert Novak is unable for any reason to serve as Jennifer David's attorney-in-fact. Constant Novak is a resident of Santa Clara, California.

Complaint                                                                              2

1  7. Defendant City of Fremont ("City") is a municipal corporation organized under the laws of the State of California, and the public employer of all police officers and officials named as defendants in this action.

8. Defendant Craig Steckler ("Chief Steckler") is Chief of Police for the City of Fremont, a position he has held since 1992. In this position, Chief Steckler has and had at all relevant times the legal and actual authority to formulate and oversee the formal and *de facto* policies, practices, and customs of the Fremont Police Department, including policies, practices, and customs relating to the screening, hiring, training, supervision, and discipline of Fremont police officers. Chief Steckler is sued both individually and in his official capacity.

9. Defendant Officer Michael Chinn is and was at all relevant times a duly appointed and acting officer of the police department of the City of Fremont. Officer Chinn is sued in his individual capacity.

10. Jennifer David does not know the true names and capacities of defendants sued herein as Does 1-10, and therefore sues them by such fictitious names. Jennifer David will amend this Complaint to allege the true names and capacities of Does when Jennifer David ascertains the same.

11. Jennifer David is informed and believes that each of the named and Doe defendants is liable for the acts and omissions alleged herein in that each defendant proximately harmed plaintiffs by actual participation in the acts and omissions alleged, and/or by permitting, encouraging, condoning, failing to investigate, failing to prevent, failing to take corrective action, covering up, falsifying or providing false information about, and/or ratifying those acts and omissions.

12. Plaintiff is informed and believes that at all times mentioned, each of the named and Doe defendants was the agent of some or all of the other defendants, and in doing the acts and making the omissions alleged herein, was acting within the course and scope of such agency and with the permission, authority and/or ratification of each such co-defendant.

13. At all times mentioned herein, all defendants were acting under color of law and within the scope of their employment.

Complaint                                              3

# **FACTS**

14. Decedent Glenn David was a mechanical assembler at GarrettCom, an electronics firm located in Fremont, California. He had been a GarrettCom employee for almost four years. While he maintained his job at GarrettCom, David also was enrolled in and taking courses for an auto mechanics' certificate program at the Sequoia Institute in Fremont. He was expecting to graduate and receive his certificate in December 2004.

15. On February 18, 2004, David was working into the evening at GarrettCom, along with approximately 15 other employees. They were working late to meet a customer order.

16. The GarrettCom facility includes a general office and employee kitchen area, a manufacturing area, a storage area, and an assembly line. For reasons that remain unclear, at or about 8:00 p.m., David became distraught and stabbed himself in the abdomen with a knife in the GarrettCom kitchen. GarrettCom employee Mark D. Vaughan was working in the office when heard two screams of pain and walked towards where he heard the screams. Vaughan soon saw David with a knife protruding from his abdomen and saw that he was bleeding from that area. Vaughan asked David what he was doing. David replied that he was trying to kill himself. Vaughan walked to the production area and told fellow employees to exit the building, and instructed another employee to call 911.

17. All the employees left the building and stood outside in the building parking lot, waiting for the arrival of medical personnel and/or the police. David remained inside the GarrettCom building.

18. After receiving the 911 call from a GarrettCom employee, a Fremont police dispatcher alerted officers to respond to a suicidal individual carrying a knife at the GarrettCom building. Officer Kenneth Miller advised over the police radio that he would respond with a pepperball gun, a non-lethal device that shoots small plastic balls filled with pepper spray. The pepperball gun is designed to help subdue aggressive or uncooperative subjects that pose a danger to themselves or others.

19. A member of the Hostage Negotiation Team of the Fremont Police, Sergeant Mark Devine, advised over the police radio that he was on the way to the scene from the

Complaint                                               4

1 Glenmoor area.

2     20.     While officers were en route, Fremont Police Communications provided updated information that David was now bleeding from the wrist. Later, while officers were en route, Police Communications identified the subject as Glenn David and provided updated information that David continued to cut himself and had stabbed himself in the stomach. Officers also were advised that David was still inside the GarrettCom building, but that all other employees had left the building.

    21.     Officer William Malcomson was the first officer to arrive at the scene. He was followed by Defendant Officer Chinn and Officer R. Nevin. Officer Chinn saw Officer Malcomson speaking with someone when they arrived. Officers Malcomson and Chinn were directed towards the rear of the GarrettCom building and both drove and parked their police cars in the rear of the building.

    22.     GarrettCom employees told Officer Chinn that David was inside the building. Chinn turned his spotlight on an open door at the rear of the building that enters into the manufacturing and storage areas and approached the door. When Officer Chinn looked into the building, he saw David and immediately drew his pistol. There were no employees near the rear door. Officer Malcomson also approached the door and stood behind Officer Chinn.

    23.     According to statements of Officers at the scene, David was anywhere from 25 to 90 feet from the doorway when Officers Chinn and Malcomson first observed him. David was bleeding visibly from the abdomen and wrists, and holding a knife. Officer Chinn ordered David to drop the knife. A brief series of interactions ensued. David was agitated and yelled that he was going to hurt himself and urged the officers to shoot him. Officers Chinn and Malcomson repeatedly demanded that David drop the knife. At some point during these interactions, Officer Malcomson radioed a request for nonlethal force to be hurried to the scene.

    24.     David never verbally threatened the officers. According to Officers Chinn and Malcomson, David variously advanced towards and retreated away from the officers. According to the officers, at one point as David advanced closer to the officers, Officer Chinn fired two shots from his pistol. One of these shots hit David and David collapsed to the ground. Only forty-nine

Complaint     5

seconds had elapsed between the time Officer Chinn first saw David to the time Officer Chinn shot him.

25. David was subdued by officers and eventually transported by ambulance to San Jose Medical Center. David was given emergency surgery but died in the operating room. The county coroner's office identified the cause of David's death as "gunshot wound of the abdomen."

## DAMAGES

26. As a direct and proximate result of defendants' conduct, David suffered the following injuries and damages:

   a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizure of his person and from the use of excessive, unreasonable, and unjustified force against his person.

   b. Loss of his life;

   c. Lost earning capacity;

   c. Physical pain and suffering and emotional trauma and suffering.

27. As a direct and proximate result of defendants' conduct, plaintiff Jennifer David has sustained and will continue to suffer:

   a. Violation of her right to a familial relationship with her husband.

   b. The untimely end of her relationship with her spouse and the loss of his companionship, comfort, protection, society, love, affection, solace, moral support, guidance, services, protection, care, income, and assistance.

   c. Funeral and burial expenses.

28. Defendants acted willfully, deliberately, maliciously, wantonly, and with reckless disregard for the rights of decedent Glenn David and plaintiff Jennifer David. Jennifer David, accordingly, is entitled to an award of punitive damages against defendants with respect to both her individual and representative claims.

29. Jennifer David is entitled to recover all attorneys' fees incurred in relation to this action pursuant to 42 U.S.C. § 1988.

Complaint                                                                 6

# **LEGAL CLAIMS**

FIRST CLAIM FOR RELIEF
(42 U.S.C. § 1983 – Violation of Civil Rights)
(Against Officer Chinn and Does 1-10)

30. Jennifer David re-alleges and incorporates the above paragraphs by reference as though fully set forth here.

31. Officer Chinn and Does 1-10 intentionally, recklessly, and unreasonably provoked the escalation that led to the death of decedent David, and Officer Chinn's shooting of David was unreasonable, excessive, and without legal justification.

32. In doing the acts complained of herein, Officer Chinn and Does 1-10, acting under color of law, subjected decedent David to excessive force and caused his wrongful death. The acts of Officer Chinn and Does 1-10 violated David's constitutional rights to be free from unreasonable seizure of his person and from the use of excessive, unreasonable, and unjustified force against his person.

33. In doing the acts complained of herein, Officer Chinn acted with deliberate indifference to Jennifer David's constitutional right to a familial relationship with her husband.

34. As a direct and proximate result of the conduct of Officer Chinn and Does 1-10, Glenn and Jennifer David suffered injuries and damages as set forth herein.

35. The acts of Officer Chinn and Does 1-10 complained of herein were committed willfully, deliberately, maliciously, wantonly, and with reckless disregard for the rights of Glenn and Jennifer David.

SECOND CLAIM FOR RELIEF
(42 U.S.C. § 1983 – Violation of Civil Rights)
(Against Chief Steckler, the City, and Does 1-10)

36. Jennifer David re-alleges and incorporates the above paragraphs by reference as though fully set forth here.

37. At all times material to this complaint, defendants City, Chief Steckler, and Does 1-10 acted with deliberate indifference to the rights of decedent Glenn David by maintaining formal and *de facto* policies, practices and customs that were a direct and proximate cause of the wrongful death of decedent Glenn David and the violations of decedent's rights. These policies,

Complaint                                                                 7

practices, and customs included failing to adequately or properly screen, hire, train, supervise, control, and discipline Fremont police officers with respect to handling situations involving disturbed or distraught individuals, and with respect to the reasonable and appropriate use of force. Such actions and omissions were a direct and proximate cause of the wrongful death of decedent Glenn David and the violations of Jennifer and David's constitutional rights.

38. As a direct and proximate result of the conduct of the City, Chief Steckler, and Does 1-10, Glenn and Jennifer David suffered injuries and damages as set forth herein.

39. The acts of Officer Chinn, Chief Steckler, and Does 1-10 complained of herein were committed willfully, deliberately, maliciously, wantonly, and with reckless disregard for the rights of Glenn and Jennifer David.

THIRD CLAIM FOR RELIEF
(Cal. Code Civ. Proc. § 52.1 – Violation of State Civil Rights)
(Against Officer Chinn)

40. Jennifer David re-alleges and incorporates the above paragraphs by reference as though fully set forth here.

41. Officer Chinn and Does 1-10 intentionally, recklessly, and unreasonably provoked the escalation that led to the death of decedent David, and Officer Chinn's shooting of David was unreasonable, excessive, and without legal justification.

42. In doing the acts complained of herein, Officer Chinn and Does 1-10, acting under color of law, subjected decedent David to excessive force and caused his wrongful death. In so doing, Officer Chinn and Does 1-10 interfered by threats, intimidation, or coercion with David's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and article 1, section 13 of the California Constitution to be free from unreasonable seizure of his person and from the use of excessive, unreasonable, and unjustified force against his person.

43. As a direct and proximate result of the conduct of Officer Chinn and Does 1-10, decedent Glenn David suffered injuries and damages as set forth herein.

44. The acts of Officer Chinn and Does 1-10 complained of herein were committed willfully, deliberately, maliciously, wantonly, and with reckless disregard for the rights of decedent

Glenn David.

### FOURTH CLAIM FOR RELIEF
(Cal. Code Civ. Proc. § 377.60 – Intentional Wrongful Death)
(Against Officer Chinn, Chief Steckler, the City, and Does 1-10)

45. Jennifer David re-alleges and incorporates the above paragraphs by reference as though fully set forth here.

46. The acts and omissions of defendants Chinn, Chief Steckler, the City, and Does 1-10 identified herein were intentional and in violation of the rights of decedent Glenn David under the Fourth and Fourteenth Amendments to the United States Constitution and article 1, section 13 of the California Constitution to be free from unreasonable seizure of his person and from the use of excessive, unreasonable, and unjustified force against his person, and of Jennifer David to a familial relationship with her husband under the Fourteenth Amendment to the United States Constitution.

47. Defendants' actions and omissions directly and proximately caused the wrongful death of decedent Glenn David.

48. As a direct and proximate result of the conduct of Officer Chinn, Chief Steckler, the City, and Does 1-10, Jennifer David suffered injuries and damages as set forth herein.

49. The acts of Officer Chinn and Does 1-10 complained of herein were committed willfully, deliberately, maliciously, wantonly, and with reckless disregard for the rights of Glenn and Jennifer David.

### FIFTH CLAIM FOR RELIEF
(Cal. Code Civ. Proc. § 377.60 – Negligent Wrongful Death)
(Against Officer Chinn, Chief Steckler, and Does 1-10)

50. Jennifer David re-alleges and incorporates the above paragraphs by reference as though fully set forth here.

51. The acts and omissions of defendants Chinn, Chief Steckler, and Does 1-10 identified herein were negligent and directly and proximately caused the wrongful death of decedent Glenn David.

52. As a direct and proximate result of the conduct of Officer Chinn, Chief Steckler,

the City, and Does 1-10, Jennifer David suffered injuries and damages as set forth herein.

**PRAYER FOR RELIEF**

WHEREFORE, Jennifer David prays for relief as follows:

1. General damages according to proof;
2. Special damages according to proof;
3. Exemplary damages;
4. Reasonable attorney's fees pursuant to 42 U.S.C. § 1988(b);
5. Costs of suit herein incurred;
6. Such other relief as the Court considers proper.

Dated: December __29__, 2004        LAW OFFICES OF MICHAEL S. SORGEN

                                    By: _____/s/_____
                                            Michael S. Sorgen
                                            Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff Jennifer David requests a trial by jury.

Dated: December __29__, 2004        LAW OFFICES OF MICHAEL S. SORGEN

                                    By: _____/s/_____
                                            Michael S. Sorgen
                                            Attorney for Plaintiff