GREGORY M. FOX, ESQ., SBN 070876
DANA L. SOONG, ESQ., SBN 168160
BERTRAND, FOX & ELLIOT
The Waterfront Building
2749 Hyde Street
San Francisco, CA 94109
Telephone: (415) 353-0999
Facsimile:  (415) 353-0990

HARVEY E. LEVINE, ESQ., SBN 61880
MICHAEL BARRETT, ESQ., SBN   155968
City of Fremont
3300 Capitol Avenue
P.O. Box 5006
Fremont, CA 94537-5006
Telephone:   (510) 284-4030
Facsimile:   (510) 284-4031

Attorneys for defendant CITY OF FREMONT,
CRAIG STECKLER, AND MICHAEL CHINN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER SAMSON DAVID, by and through her attorneys-in-fact ROBERT NOVAK and CONSTANT NOVAK, individually and in her representative capacity as successor in interest to Glenn P. David,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF FREMONT, a municipal corporation; CRAIG STECKLER, individually and in his capacity as Chief of Police for the City of Fremont: OFFICER MICHAEL CHINN, individually; DOES 1- 10, inclusive,<br><br>Defendants. | Case No.: C 05 00046 CW<br><br>**STIPULATION AND PROTECTIVE ORDER** |

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
*David v. City of Fremont, et al.* Case No.: C 05 00046 CW

1

|   |   |
|---|---|
| RACHEL DAVID; M. D., by and through his Guardian Ad Litem, LORI ALEMANIA, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| CITY OF FREMONT, a municipal corporation; CRAIG STECKLER, in his capacity as Chief of Police for the CITY OF FREMONT; MICHAEL CHINN, individually, and in his capacity as a police officer for the CITY OF FREMONT; and DOES 1-25, inclusive, individually and in their capacities as police officers for the CITY OF FREMONT, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

WHEREAS, discovery in the above-captioned case (the "Litigation") is ongoing; and

WHEREAS, information and documents which may be sought in discovery and which may be exchanged among the parties and their respective counsel may be of a confidential, private and/or proprietary nature and one of the purposes of the order is to protect the confidentiality of such information;

IT IS HEREBY STIPULATED between Plaintiff JENNIFER SANSOM DAVID by and through her attorney in fact ROBERT NOVAK and CONSTANT NOVAK, individually and in her representative capacity as successor in interest to Glenn P. David and by and through her attorneys MICHAEL S. SORGEN and JOSHUA SONDHEIMER, individually and on behalf of the LAW OFFICES OF MICHAEL S. SORGEN, Plaintiffs RACHEL DAVID and MD, by and through his Guardian Ad Litem LORI ALEMANIA, by and through their attorney JOHN L. BURRIS, individually and on behalf of the LAW OFFICES OF JOHN L. BURRIS, and Defendants CITY OF FREMONT, CRAIG STECKLER, and MICHAEL CHINN, by and

through their attorney GREGORY M. FOX, individually and on behalf of Bertrand, Fox & Elliot, as follows:

1.  Any "document" (defined herein as including documents, exhibits, answers to interrogatories, responses to requests for admissions and deposition transcripts) produced either by a party or by a nonparty to or for any of the parties shall be governed by this stipulation and protective order if it contains or comprises confidential or personal information relating to any individual.

2.  Any of the following categories of documents produced by any party or nonparty as part of discovery in this action can be designated by said producing entity as "Confidential." Absent a specific order by this Court, such information, once designated as such, shall be used by the parties solely in connection with the above-captioned proceeding, and not for any other purpose or function and such information shall not be disclosed to anyone except as provided herein.

(a)  Personnel files and/or personnel records as defined by California Penal Code sections 832.5, 832.7 regarding any officer of the Fremont Police Department.

(b)  Records of the finances of individuals.

(c)  Records of internal and/or personnel investigations by the Fremont Police Department.

(d)  Medical and/or psychiatric records.

(e)  Any Fremont Police Department policy or procedure already designated by the department as restricted or confidential.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
*David v. City of Fremont, et al.* Case No.: C 05 00046 CW

3

(f) Confidential marital communications. Disclosure of marital communications designated as confidential pursuant to this order shall not constitute a waiver of the marital communications or privacy privileges.

(g) Any of the records listed above if produced by a nonparty without designation.

Parties to this action may agree at a future time to expand or narrow this definition of "Confidential Records." The parties may not deem "confidential" any records that are already in the public domain or that have not been kept confidential by the parties except as otherwise provided herein.

3. Any party or nonparty wishing to comply with the provisions of this stipulation and protective order shall designate the documents, or portions thereof, which are considered confidential at the time such documents are produced by marking them "Confidential" or by notifying counsel for all parties to whom documents have been produced within fourteen (14) days of production that a particular document that has been produced is designated "Confidential." For deposition testimony, the witness or his counsel shall invoke the provisions of the stipulation and protective order by stating on the record during the deposition that testimony given at the deposition is designated "confidential" or by designation of the deposition transcript, or portions thereof, as "confidential" within fourteen (14) days after counsel receives the deposition transcript. No person shall attend portions of the depositions designated "Confidential" unless such person is an authorized recipient of documents containing such confidential information under the terms of the stipulation and protective order. Any court reporter who transcribes testimony in this action at a deposition shall agree that all 'confidential' testimony is and shall remain confidential and shall not be disclosed except as provided in this stipulation and order, and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such shorthand reporter or delivered to attorneys of record or filed under seal with the Court.

4. If any document designated to be confidential pursuant to this stipulation and

order is used during the course of a deposition herein, that portion of the deposition record reflecting such confidential information shall be sealed and stamped as "Confidential," and access thereto shall be limited pursuant to the other terms of the stipulation and order. If counsel subsequently designates any deposition transcript, or portion thereof, as "Confidential," pursuant to paragraph 3, counsel shall inform the court reporter so that the court reporter will treat the transcript as confidential pursuant to their terms of this stipulation and order.

5. Documents marked "Confidential," or copies or extracts therefrom and the information therein, may be given, shown, made available to, or communicated in any way only to parties, including an officer, director, manager, supervisor, or in-house counsel of a party; counsel for the parties, including certified law students, or an employee or contractor of such counsel to whom it is necessary that the material be shown for purposes of this litigation; other employees of a party for the sole purpose of working directly on the litigation; and third party consultants and independent experts to whom it is necessary that the material be shown for purposes of this litigation.

6. If an attorney for any party in this litigation desires to give, show, make available or communicate any document marked "Confidential" to any person who is not specifically authorized to have access to such document pursuant to paragraph 5, the requesting attorney will disclose to the attorney for the party who produced the document the name of the person to whom disclosure of the document is sought. The attorneys will then have ten (10) days to negotiate the terms of disclosure to that person and, if no agreement can be reached, the requesting attorney may seek leave of court on notice to make the disclosure in question.

7. Each person other than employees or contractors permitted by the parties or their counsel to have access to documents marked "Confidential" pursuant to terms of this stipulation and order shall, prior to being afforded such access, be shown the stipulation and protective order and shall sign an agreement in the form attached hereto as Exhibit 'A' stating that he or she has read and understands its terms and shall abide by them. A file shall be maintained by the attorneys of record of all written agreements signed by persons to whom such documents

have been given, which file shall be available for inspection in camera by the Court upon a showing of good cause pursuant to a noticed motion.

8. In addition to the foregoing restrictions on access to documents, the parties agree that no person other than counsel shall have access to any of the following documents which are unrelated to job performance or which contain specific identity information (such as personal addresses or social security numbers):

(a) Records maintained by any police department on any police officer.

(b) Records maintained by the Fremont Police Department on any of its employees.

(c) Any record setting forth the address of any party or witness to the action.

The documents referred to in this paragraph may be revealed only to counsel of record for the plaintiff, including certified law students, or an employee or contractor of such counsel to whom it is necessary that the material be shown for purposes of this litigation; third party consultants and independent experts to whom it is necessary that the material be shown for purposes of this litigation; and any other person as to whom the parties first agree in writing, which agreement will not be unreasonably withheld.

9. The parties agree that the parties will follow Local Rule 79-5 with respect to the use of any documents covered by this stipulation.

10. The attorney for the party designating information as "Confidential" shall, in the first instance, in good faith determine whether information constitutes confidential information covered by the stipulation and protective order. The attorney for the receiving party is to make a good faith review of the designated materials. Should the attorney for the receiving party object to such confidential designation, that party must notify the producing party in writing of their objection.

Within fifteen (15) days following the service of the objecting party's written objections (the 'Meet and Confer Period'), the parties shall meet and confer in writing to resolve such objections. If the parties resolve such objections, the information shall reflect the designation, or lack thereof, as agreed by the parties. If, however, the parties are unable to resolve such

objections, the producing party shall, within fifteen (15) days, following the termination of the Meet and Confer Period, apply to the Court to classify the designated information otherwise; provided however, that any information, the designation of which is subject to dispute, shall be treated as confidential subject to stipulation and protective order pending further order of the Court. If the producing party fails to apply to the Court within the allotted time, the information will be re-designated to conform to the objecting party's last proposed alternative designation. The party who desires to have any document accorded confidentiality shall bear the burden of proving that each such document is entitled to the protection accorded to confidential documents.

11. No party shall be obligated to challenge the propriety of any designation of any 'confidential' information by the other party or person and the failure to do so shall not constitute a waiver or otherwise preclude a subsequent challenge to the designation.

12. The attorneys of record for the parties are in accord with the above terms of this stipulation and protective order as acknowledged hereafter by their signatures, and have requested the Court to enter this stipulation and protective order.

13. The terms of this stipulation and protective order shall apply to all manner and means of discovery, including inspection of books, records and documents.

14. This stipulation and protective order shall be effective from the date of the execution of the order.

15. Upon termination of this litigation, the originals and all copies of confidential documents shall be turned over to counsel for the party who produced such documents or disposed of in some other manner that is mutually agreeable among the parties.

16. This stipulation and protective order is entirely without prejudice to the right of anyone to apply to the Court for an order modifying this stipulation and protective order in any respect. The Court retains jurisdiction for six (6) months after the termination of this action to enforce this order and, upon motion of any party hereto, to make amendments, modifications, deletions or additions to this order as the Court may deem appropriate.

1    17.    The termination of proceedings in this action shall not thereafter relieve the
2  parties from the obligations of maintaining the confidentiality of all material designated as
3  confidential which is received pursuant to this stipulation and order; provided, however, that
4  this paragraph shall not apply to any material which is or becomes publicly available.

5          IT IS SO STIPULATED

6  Dated:  October 6, 2005           LAW OFFICES OF JOHN BURRIS

8                                   _____/s/_____
                                    JOHN L. BURRIS
9                                   Airport Corporate Centre
10                                  7677 Oakport Street, Suite 1120
                                    Oakland, CA 94611
11                                  510-839-5200
                                    Attorney for Plaintiffs  RACHEL DAVID and M.D.
12

13 Dated:  October 6, 2005           LAW OFFICES OF MICHAEL S. SORGEN
14

15                                  _____/s/_____
16                                  Michael S. Sorgen
                                    240 Stockton Street, 9th Floor
17                                  San Francisco, CA 94108
18                                  T: 415-956-1360
                                    Attorney for Plaintiffs JENNIFER SAMSON DAVID et al
19

20 Dated:  October 6, 2005           BERTRAND, FOX & ELLIOT
21

22                                  _____/s/_____
23                                  Gregory M. Fox
                                    Attorney for Defendants CITY OF FREMONT,  et al.
24

25         **BY STIPULATION OF THE PARTIES, IT IS SO ORDERED.**

26
         10/11/05                       /s/ CLAUDIA WILKEN
27 Dated:  _____                _____
                                    Claudia S. Wilken
28                                  United States District Court Judge

STIPULATION AND [PROPOSED] PROTECTIVE ORDER                              8
*David v. City of Fremont, et al.* Case No.: C 05 00046 CW

ATTESTATION REGARDING SIGNATURES

I hereby attest that I have on file all holographic signatures for any signatures indicated by a conformed signature (/s/) within this e-filed document.

Dated: October 6, 2005                            /s/
                                                                    Michael S. Sorgen

**Exhibit A**

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address, declare that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States Court for the Northern District of California on _____ [date] in Case No. C 05 00046 CW. I agree to comply with and be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after the termination of this action.

I hereby appoint _____ [print or type full name]

of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature:_____

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
*David v. City of Fremont, et al.* Case No.: C 05 00046 CW

10